IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORA COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:19-CV-2189-X-BH |
| | ) | |
| AMERICAN INSURANCE, et al., | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant findings and applicable law, the complaint should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

### I. BACKGROUND

Ora Dell Cooper (Plaintiff) alleges that her vehicle was rear-ended by a Hyatt Hotel Company tour bus on September 14, 2017, in Dallas, Texas, and that she required medical treatment for the injuries she sustained during the accident. (doc. 3 at 1, 4, 11; doc. 8 at 58, 69-70.)[2] By correspondence dated September 28, 2017, The American Insurance Company (TAIC) notified her that it was the liability insurance carrier, and it requested that she assist with its investigation of her claim by providing information about the treatment she received for her injuries. (doc. 3 at 13; doc. 8 at 19, 23.)[3] Plaintiff executed authorizations for release of her medical information on September 30 and October 15, 2017. (doc. 3 at 14; doc. 8 at 20-21, 24-26.) She retained counsel in December 2017, and her attorneys sent a settlement demand for $21,000 to Allianz Insurance (Allianz) on April

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

[3] TAIC notified Plaintiff by letter dated January 18, 2018, that her claim had been transferred to Senior Claim Adjuster Pamela Planeta for handling. (doc. 8 at 8, 15.)

18, 2019. (doc. 3 at 1-2, 7-8, 11; doc. 8 at 2, 30-32, 58, 70.)[4] Alliaz allegedly delayed processing her claim, and it stopped paying for her treatment despite her continued need for it. (doc. 3 at 1-2, 4; doc. 8 at 1-2, 57-58.)

On September 13, 2019, Plaintiff filed this *pro se* lawsuit against TAIC and Allianz (Defendants),[5] asserting violation of her constitutional right to due process, fraud, civil conspiracy, and conversion. (doc. 3 at 1, 3; doc. 8 at 2, 57-58, 59, 69-70.)[6] She alleges that Defendants violated her due process rights to sue by "delays and tactic of long term investigations" because "from day one [she] demanded the lawyers take [her] case to court," yet the claims were settled out of court. (doc. 8 at 57, 58.) She also claims that Defendants committed fraud by sending her information after the fact and telling her that her case was under investigation, and by cheating her out of the damages to which she was entitled. (*Id.* at 57, 69.) Her former attorneys allegedly settled her claim without her knowledge, and Defendants "conspired with the lawyers [she] retained and signed off on a settlement of $21,000.000 that [she] was not aware of until after the fact." (*Id.* at 2, 57, 70.) Plaintiff also alleges that Defendants converted the sum of $21,000. (*Id.* at 69.) She now seeks monetary

---

[4]Due to her first attorney's health issues, Plaintiff consented in August 2018 to the association of a second attorney to assist with the case. (doc. 8 at 16-19.) By letter dated April 30, 2019, her first attorney notified her that his firm, which now included the second attorney, was unable to represent her any longer. (doc. 3 at 3, 9-10.)

[5]Plaintiff appears to allege that Defendants are citizens of the states of Missouri and Illinois, respectively. (doc. 8 at 1, 57.)

[6]Plaintiff "question[s] this to the court was there was a racial bias against [her]; against [her] age", (doc. 8 at 58), but there is no further mention of bias in either her 55-page initial complaint or her 74-page responses to a magistrate judge's questionnaire, although she does reference her age. Unlike with her other claims, she does not specifically list bias as a basis for any cause of action, and she pleads no facts in support of a claim based on bias. Additionally, while her questionnaire response appears to indicate that she does seek to sue other defendants in this case, it qualifies her answer, "if you are talking about who I sued in the past"; she does not provide any of the information requested for new defendants. (doc. 8 at 61.) Her complaint is therefore not liberally construed as alleging a cause of action based on any age or race bias, or against any defendants other than the two she originally named.

damages in the amount of $250,000.00 from each defendant.  (*Id.* at 4, 59, 62, 73.)[7]

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, her complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief can be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).

The analysis for determining whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same one employed under Fed. R. Civ. P. 12(b)(6). *Holt v. Imam*, No. C-07-406, 2008 WL 1782351, at *2 (S.D. Tex. Apr. 17, 2008) (citing *Black v. Warren*, 134 F.3d 732, 733–734 (5th Cir. 1998)). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 547. "A formulaic recitation of the elements of a

---

[7]Plaintiff initially demanded $150,000 in damages.  (doc. 3 at 3, 6.)

3

cause of action will not do." *Id.*; *accord Iqbal*, 556 U.S. at 678. When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 547; *accord Iqbal*, 556 U.S. at 678.

### III. DUE PROCESS

Plaintiff alleges that Defendants violated her constitutional due process rights.

The Due Process Clause of the Fifth Amendment to the United States Constitution provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law...." U.S. Const. amend. V.  It "applies only to violations of constitutional rights by the United States or a federal actor." *Hill v. Walker*, 718 F. App'x 243, 247 (5th Cir. 2018) (quoting *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000)); *see also Dusenberry v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)(same). The due process clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. This includes both substantive and procedural protections. *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998); *John Corp. v. City of Houston*, 214 F.3d 573, 577 (5th Cir. 2000). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

4

Constitutional due process protections do not extend to private conduct. *Mantle v. Upper Deck Co.*, 956 F.Supp. 719, 734 (N.D. Tex. 1997) (citing *Davis v. Prudential Secs., Inc.*, 59 F.3d 1186, 1190–91 (11th Cir. 1995)). Because Defendants are not either federal or state actors, and Plaintiff does not allege federal or state government action, her due process claims should be dismissed for failure to state a claim upon which relief can be granted.[8]

### IV. FRAUD

Plaintiff contends that Defendants defrauded her by representing that her claim was under investigation and by cheating her out of the damages to which she was entitled.

"The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. Ltd. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir.2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.2001)).

A claim for fraud is subject to the heightened pleading requirement of Rule 9(b). *Potter*, 607

---

[8]To the extent that Plaintiff's "question" regarding racial or age bias may be liberally construed as alleging a cause of action for denial of equal protection under the Due Process Clause of the Fifth or Fourteenth Amendments, the claim would fail for the same reason as her due process claim. *See Rodriguez-Silva v. I.N.S.*, 242 F.3d 243, 247 (5th Cir. 2001)("The Due Process Clause of the Fifth Amendment applies to the *federal government* a version of equal protection largely similar to that which governs the *states* under the Fourteenth Amendment," which prohibits states from denying any person within their jurisdiction the equal protection of the laws and essentially requires that all similarly situated persons be treated alike); *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999)(To state an equal protection claim, a plaintiff must allege that a *government actor* "intentionally discriminated against the plaintiff because of membership in a protected class." ).

F.3d at 1032.[9] It requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Williams*, 112 F.3d at 179).

Here, Plaintiff generally alleges that Defendants defrauded her, but she fails to allege facts sufficient to establish all of the elements of a plausible fraud claim. Other than to generally claim that she was told that her claim was being investigated, she has not alleged what material misrepresentation was made, who made it, when it was made, or how she relied upon it to her detriment. Her conclusory allegations do not meet the heightened pleading requirements of Rule 9(b), and her fraud claim should be dismissed for failure to state a claim.

## V. CONSPIRACY

Plaintiff also alleges that Defendants conspired with her attorneys to settle the case without her knowledge.

Under Texas law, a civil conspiracy is "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the

---

[9] A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genenlech, Inc.*, No. 3:10–CV–1747–B, 2011 WL 2312280, at *3 (N.D.Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996)).

6

object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Rodgers v. City of Lancaster Police*, No. 3:13-CV-2031-M-BH, 2017 WL 457084, at *16 (N.D. Tex. Jan. 6, 2017), *adopted by* 2017 WL 447216 (N.D. Tex. Feb. 2, 2017) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). "[I]n short, there must be a preconceived plan and unity of design and purpose, for the common design is of the essence of the conspiracy." *I Love Omni, LLC v. Omnitrition Int'l, Inc.*, No. 3:16-CV-2410-G, 2017 WL 1281130, at *3 (N.D. Tex. Apr. 6, 2017) (quoting *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex. 1968)). "[A] defendant's liability for conspiracy depends on [his or her] participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 *(Tex. 1996).* Additionally, it requires a specific intent. *I Love Omni,* 2017 WL 1281130, at *3.

Here, Plaintiff fails to allege that there was a meeting of the minds between two or more persons, or that any unlawful or overt acts were taken in furtherance of a conspiracy to settle her case. Her conspiracy claim is predicated on her fraud claim, so it likewise fails. *See Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F.Supp.2d 828, 836 (W.D. Tex. 2013) (finding plaintiff's civil conspiracy claim was predicated primarily on his fraud claims, and it failed alongside those claims). Plaintiff's conspiracy claim should be also dismissed for failure to state a claim.

### VI. CONVERSION

Plaintiff lastly alleges that Defendants converted the sum of $21,000.

To establish a claim for conversion under Texas law, a plaintiff must show that the defendant wrongfully exercised dominion or control over the property of the plaintiff to the exclusion of, or inconsistent with, the plaintiff's right of possession. *See 50–Off Stores, Inc. v. Banques Paribas*

*(Suisse)*, 180 F.3d 247, 253 (5th Cir. 1999); *see also Robinson v. Nat'l Autotech, Inc.*, 117 S.W.3d 37, 39 (Tex.App.–Dallas 2003, pet. denied).  "Texas jurisprudence holds that money can be the subject of conversion, but only when it is in the form of specific chattel, such as old coins, or when 'the money is delivered to another party for safekeeping, the keeper claims no title, and the money is required and intended to be segregated, either substantially in the form in which it was received or as an intact fund.'" *Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 984 (5th Cir. 1996) (quoting *Dixon v. State*, 808 S.W.2d 721, 723 (Tex.App.—Austin 1991, writ dism'd w.o.j.)). Examples of money as a specific chattel include funds "delivered for safe keeping" or money "intended to be kept segregated." *Hill v. Anderson*, 420 F. App'x 427, 435 (5th Cir. 2011).  A cause of action for conversion of money fails "when the plaintiff cannot trace the exact funds claimed to be converted, making it impossible to identify the specific monies in dispute." *Taylor Pipeline Constr., Inc. v. Directional Road Boring, Inc.*, 438 F. Supp. 2d 696, 707 (citing *Ins. Co. of N. Am. v. Hickman*, 2000 WL 1207138, at *4 (Tex. App.—Dallas Aug. 25, 2000, no pet.)).  "When an indebtedness can be discharged by payment of money generally, an action in conversion is inappropriate." *Edlund v. Bounds*, 842 S.W.2d 719, 727 (Tex. App.—Dallas 1992, writ denied) (citation omitted).

      Here, Plaintiff fails to allege facts sufficient to give rise to a reasonable inference that the $21,000 was her property.  Although she attached a copy of her attorneys' settlement demand for $21,000, she did not attach any documents showing that a settlement actually occurred, and that it was not paid by Defendants.  In addition, there are no allegations tracing the exact funds allegedly being converted and misappropriated, nor stating that this money was delivered for safekeeping or intended to be kept segregated. *See Mitchell Energy Corp.,* 80 F.3d at 984.  Rather, the disputed

8

amount "is properly characterized as an alleged amount of indebtedness capable of being discharged by the payment of money generally." *Taylor Pipeline Constr., Inc.*, 438 F. Supp. 2d at 708.; *see Gronberg v. York*, 568 S.W.2d 139, 144–45 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.) (finding compensation owed under an employment contract did not give rise to a conversion claim when plaintiff did not seek the return of specific money but was only seeking repayment of money generally). Plaintiff's conversion claim should be dismissed for failure to state a claim.

## VII. OPPORTUNITY TO AMEND

Notwithstanding a *pro se* party's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed by court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010). Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff was sent a detailed magistrate judge's questionnaire to obtain more information about her claims, and her responses constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). Because she has already amended her complaint in response to the questionnaire, it appears that she has alleged her best case, and no further opportunity to amend is warranted.

## VIII. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED**, this 1st day of November, 2021.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the dispute determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE